**SHAW, Banking Commissioner, Appellant, v. Frank M. MILLER, Appellee. (No. 766.)**

Court of Civil Appeals of Texas. Waco.
April 25, 1929.

Rehearing Denied May 23, 1929.

Jno. W. Goodwin, of Austin, and Frazier & Averitte, of Hillsboro, for appellant.

Bryan & Maxwell and J. W. Cocke, all of Waco, for appellee.

BARCUS, J. This is a companion case to cause No. 767, James Shaw, Commissioner v. M. Holderman, 17 S.W.(2d) 190, this day decided by this court. This suit was instituted by appellant to recover from appellee a stockholder's assessment of $700 which had been levied against him as a stockholder of the First State Bank of Mt. Calm. The cause was tried to the court and resulted in a judgment being rendered denying appellant any recovery.

The facts surrounding the levy of the stockholder's assessment on the Mt. Calm bank are identical with those set forth in Shaw v. Holderman, supra, with the exception that appellee was not present and did not take part in any of the conferences which led up to and resulted in the liquidation of the First State Bank and the sale of its assets to the Farmers' & Merchants' Bank. After the Farmers' & Merchants' Bank had been organized, the directors thereof, in carrying out the plan that had been agreed upon for the liquidation of the First State Bank and the organization of the Farmers' & Merchants' Bank, took up with appellee the question of his subscribing for stock in said Farmers' & Merchants' Bank, and told him in detail about the former negotiations, agreements, and contracts, as fully set forth in Shaw v. Holderman, supra, and attempted to get him (appellee) to take $700 worth of stock in the new bank. It appears that at that time appellee was financially embarrassed and not able to pay the assessment against the stockholders of the First State Bank. Neither was he able to take $700 of stock in the new bank. After some negotiations, it was agreed by and between the parties that, if appellee would take $200 stock in the new bank, they would relieve him of his obligation to pay the assessment which had been levied under the conditions as stated in the Shaw v. Holderman Case. Appellee, relying upon said contract and agreement, did subscribe for and pay for two shares of stock in the new bank, and the directors of said bank released him from all further liability on the assessment which had been levied against him as a stockholder in the First State Bank. Appellee pleaded as a defense against this suit said agreement and contract and settlement, and alleged in detail, as set out in Shaw v. Holderman, supra, the conditions under which the stock assessment was levied against him as a stockholder in the First State Bank, and pleaded said compromise settlement and payment. Under the facts stated in the Shaw v. Holderman Case and the additional facts stated above, we are of the opinion that there was no error in the action of the trial court in rendering judgment against appellant.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.